## Miller's Estate.

*Inheritance tax—Appraisement—Legacy for debt.*

Where a testator devises a property to his nephew, it is properly included in the transfer inheritance tax appraisement, and if the devise was in pursuance of an agreement so to pay for services, the matter can properly be adjusted at the audit and not on appeal from the appraisement.

Appeal from transfer inheritance tax appraisement. O. C. Lancaster Co., Aug. T., 1926, No. 65.

*John Simons* and *Oliver S. Schaeffer*, for appeal; *M. E. Musser*, contra.

SMITH, P. J., March 17, 1927.—This is an appeal from a transfer inheritance tax appraisement. The appeal has been taken, not because of a disputed valuation, but for the reason that a certain property is alleged to have been improperly included in the appraisement. This property is distinguished by the following provision of the will:

"Third: I give and devise to my nephew, Hiram E. Miller, the property wherever I now reside consisting of three lots of ground with a brick dwelling house thereon erected situated in the Village of Maytown."

It is not contended that the testator did not die seized of this property, and the devisee's rights are not attacked. Testimony was permitted, which is now found to have been inadmissible, to the effect that there had been an agreement between the testator and the devisee whereby the testator would devise this property as he did if the devisee would care for him as he did. Be this as it may, with it now we have nothing to do. If at the audit it should be found that the devise is in the nature of the payment of a debt, the taxable part of the estate will be reduced accordingly.

It was proper to include the property in the appraisement, and the appeal is dismissed, at the costs of the appellant.

From George Ross Eshleman, Lancaster, Pa.